Opinion filed March 6, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 6,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00121-CR

                                                       ________

 

                           DONALD
SAMUEL CAMPBELL, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 118th District Court

                                                          Martin
County, Texas

                                                     Trial
Court Cause No. 1382

 



 

                         C O N C U R R I N G   M E M O R
A N D U M   O P I N I O N

 

I
concur with the court=s
opinion and judgment but write separately because this case exemplifies the
difficulty appellate courts have when faced with
ineffective-assistance-of-counsel issues on direct appeal.  The trial court=s statement prior to jury
argument on punishment that Donald Samuel Campbell=s conviction for burglary may not comply with
the law regarding enhancements, and the prosecution=s decision to waive a charge on that
conviction, suggests that it was not a final conviction and should not have
been admitted.  It is difficult to imagine any scenario where sound trial
strategy would be served by eliciting testimony from the defendant regarding an
inadmissible conviction and, as the court notes, counsel has been found
constitutionally ineffective for doing precisely this.  See Robertson v.
State, 187 S.W.3d 475, 486 (Tex. Crim. App. 2006).








A
comparison of Robertson with this case, however, not only reinforces the
court=s decision, but
illustrates the practical difficulties ineffective assistance arguments raise. 
In Robertson, the extraneous convictions were clearly inadmissible
because they were still pending on appeal.  Id. at 481.  Our record is
not so clear.  In part, this is because key discussions concerning the burglary
conviction occurred before or after regular court proceedings and, thus, were
off of the record.  No criticism of counsel or the trial court is intended
because such conversations are necessary and proper.  However, when significant
matters are not made part of our record, any subsequent review is hampered.

A
second key distinction is the presence or absence of an evidentiary posttrial
hearing.  In Robertson, trial counsel testified and said that he decided
to elicit testimony from appellant that appellant was currently incarcerated on
two other convictions to bolster his client=s
credibility.  Id. at 480-81.  He did this, knowing that the convictions
were pending on appeal B
because he did not realize that they were inadmissible.  Id. at 481.  In
this case, there was no posttrial evidentiary hearing.  Consequently, we do not
know counsel=s trial
strategy, but more importantly we do not know the full extent of counsel=s knowledge or his efforts
to investigate this matter.  

Even
if we assumed the burglary conviction was inadmissible, the deferential review
we must employ requires that we afford counsel the benefit of the doubt and
assume that his investigation was reasonable and that he did not know that the
conviction was inadmissible.  Given the stigma associated with being determined
constitutionally ineffective, the unclear state of the record, and Campbell=s opportunity to seek
postconviction relief, such presumption is clearly appropriate in this 

case.

 

RICK STRANGE

JUSTICE

 

March 6, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.